UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JONATHAN ANTHONY RUSHING,            )
                                     )
            Petitioner,              )   CASE NO.   C07-476-RSM-MJB
                                     )
      v.                             )
                                     )
MAGGIE MILLER-STOUT,                 )   REPORT AND RECOMMENDATION
                                     )
            Respondent.              )
_____)

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed an answer, raising the statute of limitations as a bar to the court's consideration of petitioner's petition. Petitioner has not filed a response to respondent's answer. Having reviewed the petition, respondent's answer, and the balance of the record, the Court concludes, as set forth below, that the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

Petitioner pled guilty in 1997 to murder in the second degree and unlawful possession of a firearm. (Dkt. #15, Ex. 1). In a statement accompanying the guilty plea, petitioner described the acts underlying the offense as follows: "On March 17, 1997, I got into a fight with [the victim] and while pointing a gun at him, I shot and killed him. Although I was acting in self

REPORT AND RECOMMENDATION
PAGE 1

defense, the force used was not reasonable and was excessive and I understand is not a defense." (Dkt. #15, Ex. 1 at 6).

Petitioner was sentenced to 180 months in prison on the murder conviction and 12 months on the firearm conviction, with both sentences to run concurrently. (*Id*., Ex. 2 at 3). Petitioner did not file a direct appeal. In April, 2003, petitioner filed a post-conviction challenge to his sentence ("personal restraint petition or PRP") in Washington state court. (*Id*., Ex. 3). The Washington Court of Appeals denied the PRP in April, 2006. (*Id*., Ex. 5). Petitioner then sought review by the Washington Supreme Court and that court denied review. (*Id*., Ex. 7).

On April 25, 2007, petitioner filed the instant petition under 28 U.S.C. § 2254. (Dkt. #6). On July 17, 2007, respondent filed her answer to the petition, along with the state court record. (Dkt. #12, #15). The matter is now ready for review.

## GROUNDS FOR RELIEF

In his § 2254 petition, petitioner raises the following three grounds for relief:

1. PETITIONER RUSHINGS CONSTITUTIONAL RIGHTS: PROTECTED UNDER THE DUE PROCESS AND EQUAL PROTECTION CLAUSES, WERE VIOLATED WHEN THE TRIAL COURT FAILED TO ENSURE THAT THE PLEA SATISFIED CONSTITUTIONAL REQUIREMENTS: BOTH STATE AND FEDERAL.

2. MY STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED DUE TO ASSIGNED COUNSELS PREJUDICIALLY DEFICIENT PERFORMANCE BEFORE, DURING, AND AFTER PLEA AGREEMENT/SIGNING, ALSO AT SENTENCING.

3. CRIMINAL LAW, PUNISHMENT, ERRONEOUS SENTENCE, CORRECTION.

(Dkt. #6 at 8, 13, 18).

## DISCUSSION

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, the one-year limitation period begins to run from the latest of four possible

REPORT AND RECOMMENDATION
PAGE 2

dates:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In addition, "a properly filed application for State post-conviction or other collateral review," such as a PRP, will toll the statute of limitations. 28 U.S.C. § 2244(d)(2). Here, petitioner pled guilty and did not file a direct appeal. Accordingly, petitioner's conviction became "final," pursuant to 28 U.S.C. § 2244(d)(1)(A), 30 days after the final judgment was entered in his criminal case, or on December 8, 1997. The one-year statute of limitations under AEDPA accordingly expired on December 8, 1998.

Petitioner filed an "application for State post-conviction review" when he filed his PRP in April, 2003. The Washington Court of Appeals denied the PRP in April, 2006. Normally, this three-year period during which the PRP was pending in state court would toll the statute of limitations. However, here, by the time petitioner filed his PRP in state court in 2003, the one-year statute had already expired five years before, in December 1998. Thus, petitioner filed the petition too late, and it is now barred from consideration by this court.[1]

---

[1] Petitioner previously argued to the Court, in his response to the Court's Order to Show Cause, that his petition was timely because in 2002, the Washington Supreme Court significantly changed the law under which he was convicted. *See In re Pers. Restraint of Andress*, 147 Wash. 2d 602, 604 (2002) (holding that assault cannot be the predicate offense for felony murder). However, in order to satisfy the statute of limitations, petitioner must show that this change in the law "*has been newly recognized by the Supreme Court and made retroactively applicable*" to habeas cases. 28 U.S.C. § 2244(d)(1)(C) (emphasis added). Petitioner has made no such showing.

REPORT AND RECOMMENDATION
PAGE 3

## CONCLUSION

For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 is barred by the applicable statute of limitations and should be dismissed. A proposed Order is attached.

DATED this 14th day of August, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE 4